UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CINDY SHAVER,**  Plaintiff,  v.  **REPUBLICANS IN CONGRESS, et al.,**  Defendants. | Civil Action No.: 22-03754  OPINION |

**McNulty, District Judge.**

This matter comes before the Court on the Court's *sua sponte* inquiry into its subject matter jurisdiction, which I find to be lacking. Ms. Shaver is obviously sincere and her anguish is genuine. In dismissing her complaint for lack of jurisdiction, I do not mean to imply otherwise. But for the reasons set forth below, Shaver's complaint (DE 1) must be dismissed, because this Court does not have the power to hear it.

**I.    BACKGROUND**

Plaintiff Cindy Shaver, *pro se*, filed a complaint on June 13, 2022 (DE 1) against Republicans in Congress, Senate Republicans, and former President Donald Trump. Shaver seeks a "redress of grievance" because the defendants have "violated their oath by multiple lies and insurrection." (DE 1 p. 2.) The events giving rise to her claims occurred in Washington, D.C., on "January 6th and Nov. 2016." (*Id.* at 3.) Shaver explains that the defendants' actions have affected her son—he is "afraid to go out," his "pressure goes up when he gets anxiety," and he "had a heart attack at age 35." (*Id.*) Shaver asserts that the defendants' actions "disrespect LGBT and people who are non-white especially women." (*Id.*) Shaver is "upset and distressed every day" and is afraid that her son "will die of [a] heart attack." (*Id.*) Shaver describes her injuries as "mental state of mind," "medical problems," and "heart attack." (*Id.* at 4.) Shaver asks the court to arrest the defendants for "lying under oath and treason," and any

other relief that the court deems appropriate to redress her and her son's pain and suffering. (*Id.*)

On October 21, 2022, Shaver filed a letter requesting that the court address her claims as soon as possible. (DE 4.) Shaver expressed concern that "come [N]ovember if the republicans takeover they are going to destroy our democracy" and "will never let us [A]mericans have freedom." (*Id.*)

## II.   STANDARD OF REVIEW

"[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 287–88 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Mortensen*, 549 F.2d at 891; *Gould Elecs., Inc.*, 220 F.3d at 176. Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

## III. DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "This notion is derived from the United States Constitution itself, which limits the Court's subject matter jurisdiction to justiciable 'cases' or 'controversies.' The federal courts' limited jurisdiction 'is founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Taylor v. Wolf*, No. 20-39, 2020 WL 5893845, at *1 (D. Mont. Oct. 5, 2020) (quoting U.S. Const., Art. III, § 2 and *Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009)).

Under Article III, § 2 of the Constitution, the party invoking federal jurisdiction has the burden of proving: (1) "an injury in fact;" (2) "a causal connection between the injury and the conduct complained of . . . the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party;" and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable [court] decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).

Injury in fact, "the first and foremost of standing's three elements," is a constitutional requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016) (citation omitted). To establish injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (citations omitted); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citation omitted) ("Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury.'"). Finally, "[p]articularization is

necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'" *Spokeo,* 578 U.S. at 339.

Here, even liberally construing the allegations contained in Shaver's complaint and supplemental letter,[1] I find that Shaver lacks standing to bring this action, which therefore deprives this Court of subject matter jurisdiction.

First, the Supreme Court "repeatedly has rejected claims of standing predicated on 'the right, possessed by every citizen, to require that the Government be administered according to law.'" *Valley Forge,* 454 U.S. at 482–83 (citation omitted). This is because "[s]uch claims amount to little more than attempts 'to employ a federal court as a forum in which to air . . . generalized grievances about the conduct of government.'" *Id.* at 483 (citation omitted); *see also Allen v. Wright,* 468 U.S. 737, 754 (1984) ("[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118 (2014). Shaver's allegations that the defendants have discriminated against certain groups of people and violated their oaths of office are simply demands that the government be administered in the manner that she considers appropriate. Shaver fails to explain how she in particular, more than anyone else, has been targeted or injured by the defendants. Thus, the complaint is an "assertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently," and such complaints "cannot alone satisfy the requirements of Art. III without draining those requirements of meaning." *Lujan,* 504 U.S. at 576.

Second, Shaver states that the defendants' actions of lying, violating their oaths, and "insurrection" in November 2016 and on "January 6th" have

---

[1] *Pro se* complaints are liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244–45 (2013) ("[P]*ro se* litigants still must allege sufficient facts."). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox,* 197 F. App'x 167, 168 (3d Cir. 2006) (citation omitted).

4

caused her and her son to feel upset and distressed, and she is concerned for her son's well-being. However, those allegations also do not constitute cognizable injuries. The Supreme Court has rejected what it has termed "offended observer" standing. *Valley Forge*, 454 U.S. at 485–86 ("Although respondents claim that the Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by them *as a consequence* of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms."); *see also Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067, 2098 (2019) (Gorsuch, J., concurring) (citations omitted) ("This 'offended observer' theory of standing has no basis in law. Federal courts may decide only those cases and controversies that the Constitution and Congress have authorized them to hear. . . . Unsurprisingly, this Court has already rejected the notion that offense alone qualifies as a 'concrete and particularized' injury sufficient to confer standing. We could hardly have been clearer: 'The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements.'").

Third, Shaver's concern that Republican candidates may prevail in the upcoming election is insufficient to demonstrate a particularized injury. Such a generalized grievance about the political system does not confer standing. *See, e.g.*, *Ex parte Levitt*, 302 U.S. 633, 636 (1937) (dismissing case asserting that the appointment of Justice Black violated the Ineligibility Clause, Art. I, § 6, cl. 2, as "[i]t is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public").

In sum, Supreme Court precedent dictates that Shaver lacks standing to challenge the conduct complained of in her complaint. *See, e.g., Sharma v. Trump*, No. 20-944, 2020 WL 5257709, at *2 (E.D. Cal. Sept. 3, 2020) (dismissing for lack of standing where plaintiff "d[id] not allege that he sustained a personal injury" and instead "merely claim[ed] that President Trump's actions have harmed the nation and its citizens"). Because Shaver lacks standing, the Constitution prohibits the Court from hearing her claims and instructs that I must dismiss the complaint for lack of subject matter jurisdiction. *See Penkoski v. Bowser*, No. 20-1519, 2020 WL 4923620, at *10 (D.D.C. Aug. 21, 2020) (citation omitted) ("Standing is not a suggestion. Its requirements are 'essential to preserving the separation of powers and limited judicial role mandated by the Constitution.'"); *see also Spokeo*, 136 S. Ct. at 1552 (Thomas, J., concurring) ("[S]tanding doctrine keeps courts out of political disputes by denying private litigants the right to test the abstract legality of government action.").

## IV.    CONCLUSION

For the reasons set forth above, Shaver's complaint (DE 1) must be dismissed for lack of subject matter jurisdiction. An appropriate Order accompanies this Opinion.

Dated: October 28, 2022

/s/ Kevin McNulty
**Kevin McNulty, U.S.D.J.**